Matthew T. Christensen, ISB: 7213
ANGSTMAN JOHNSON
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-0157
Email:  mtc@angstman.com

*Attorneys for Debtors*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>JOHN E. RENNISON and<br>HEIDI H. RENNISON,<br><br>     Debtors. | Case Number:  12-41025-JMM<br><br>Chapter 7 |

## MOTION FOR SANCTIONS

The debtors, John and Heidi Rennison (collectively, "Rennison"), by and through their counsel of record, ANGSTMAN JOHNSON, move this court for an award of damages and sanctions, pursuant to 11 U.S.C. § 105(a), against Gran-Del Petroleum Products, Inc. ("Gran-Del"), an Idaho corporation for violating the discharge injunction.

## FACTUAL BACKGROUND

Prior to filing their bankruptcy petition, John Rennison was sued by Gran-Del in Ada County Case No. CV OC 11-23172.  Gran-Del received a default judgment against Rennison on January 24, 2012.  On July 20, 2012, the Rennisons filed a Chapter 7 bankruptcy petition.  A discharge order was entered on November 16, 2012, discharging the Rennisons liability to Gran-Del.  Nearly 4 years later, on December 21, 2016, the Rennisons bought new property located at 10930 N. Blacktail Place, Boise, ID 83714.  The

MOTION FOR SANCTIONS - Page 1 of 7

Rennisons did not own any interest in this real property at the time their bankruptcy petition was filed, or at the time the discharge order was entered in their bankruptcy case.

Now, the Rennisons are seeking to sell their Blacktail Place property. However, Gran-Del is asserting a judgment lien against the property, stemming from the original judgment received in the Ada County Case. Gran-Del, through counsel, sent a payoff letter to Ideal Title, LLC, asserting a payoff of over $13,350.00 on its judgment. After learning of the payoff letter, Rennisons counsel contacted Gran-Del's counsel and instructed him regarding the discharge injunction and that assertion of the lien on post-petition acquired property was a violation of the injunction. Rennisons counsel subsequently followed up with Gran-Del's counsel to get a release of the lien, and informed counsel that the Rennison's new loan rate lock would swiftly be expiring. To date, Gran-Del has refused to release its judgment lien on the Blacktail Place property.

The Rennisons were refinancing their loans on the Blacktail Place property. To do so, the Rennisons obtained a new loan commitment, with a rate commitment from their lender. The rate commitment expired, and the Rennisons will need to pay $70.30 per day after May 10, 2021, to reinstate the same rate. Further, the refinance would eliminate the need for mortgage insurance, which the Rennisons continue to pay until the refinance can be completed. Lastly, there was excess cash being provided to the Rennisons from the refinance loan in order to do maintenance and remodeling of the home – that cash will not be available until the refinance is completed. Further, the Rennisons have incurred attorney fees in seeking to get the improper judgment lien released. All of these are damages the Rennisons continue to suffer while Gran-Del refuses to release its judgment lien.

MOTION FOR SANCTIONS - Page 2 of 7

**ARGUMENT**

1. **Standards Regarding Violations of the Discharge Injunction.**

The discharge injunction, provided by 11 U.S.C. § 524 "operates as an injunction against the commencement or continuation of an action ... to collect, recover or offset any [discharged] debt as a personal liability of the debtor." *11 U.S.C. § 524(a)(2)*. When a creditor knowingly violates the discharge injunction, that creditor can be held in contempt pursuant to 11 U.S.C. § 105(a). *ZiLOG, Inc. v. Corning* (*In re ZiLOG, Inc.,* 450 F.3d 996, 1007 (9th Cir. 2006). The Ninth Circuit has held that, to show a violation of the discharge injunction, the moving party must show by clear and convincing evidence that the creditor (1) knew the discharge injunction was applicable and (2) intended the actions which violated the injunction. *Id.*

The Ninth Circuit Court of Appeals has made clear that this Court can award sanctions associated with civil contempt such as compensatory damages, attorney fees and the offending creditor's compliance for violation of the discharge injunction. *Walls v. Wells Fargo Bank, NA.,* 276 F.3d 502, 507 (9th Cir. 2002). Here, the Rennisons have actual damage in the form of (a) increased costs to keep their rate in place, (b) increased costs for mortgage insurance that would have been terminated with the refinance, (c) potential increased costs to get the maintenance and remodeling done on the home, and (d) attorney fees involved in seeking a release of the judgment lien and in pursuing this Motion.

The language of § 105(a) authorizes any remedy "necessary" to enforce the bankruptcy code. *Knupfer v. Lindblade* (*In Re Dyer),* 322 F.3d 1178 at 1193 (9th Cir. 2003). The *Dyer* court also stated that "relatively mild non-compensatory fines may be ordered where appropriate." *Id*. It appears that the Ninth Circuit has not yet defined the line

MOTION FOR SANCTIONS - Page 3 of 7

between "relatively mild" and "serious" punitive coercive penalties. *See, e.g. Hicks v. Feiock,* 485 U.S. 624, 108 S.Ct. 1423 (1988); *Bingman* v. *Ward,* 100 F.3d 653, 656 (9th Cir. 1996). Also, as noted above, this Court may enter appropriate non-compensatory fines "of a magnitude that does not constitute a serious criminal sanction." *Dyer,* 322 F.3d at 1194.

2. **Gran-Del Is Aware of The Discharge Injunction.**

Gran-Del was aware of the entry of discharge in this case. Gran-Del received a copy of the original Order of Discharge in this case. See Docket No. 29 (BNC Certificate of Notice of discharge order). Additionally, after receiving the payoff letter, the Rennisons informed Gran-Del's counsel of the discharge order and reasons why Gran-Del's asserted judgment lien violated the discharge injunction. There is no dispute that Gran-Del, or its representatives, was aware of the entry of discharge and effective discharge injunction.

3. **Gran-Del Intentionally Asserted It's Judgment Lien and has Failed to Release It, Which Are A Violation Of The Discharge Injunction.**

Gran-Del intentionally asserted a judgment lien on after-acquired property, and asserted a payoff letter to the title company handling the closing of the Rennison's refinance loan. Further, even after being made aware of the effect of the discharge injunction, and the fact that the property in question was not owned by the Rennisons at the time of their bankruptcy filing, Gran-Del has still refused to release its alleged lien on the property.

4. **Gran-Del's Actions Constitute A Continuing Violation Of The Discharge Injunction, and the Rennisons are Entitled To An Award of Sanctions.**

As a result of Rennisons' discharge all of John Rennison's liability under the pre-petition judgment were terminated and discharged. While a judgment lien may have

MOTION FOR SANCTIONS - Page 4 of 7

attached to any real property the Rennisons' owned on the petition date of their bankruptcy, the property in question was not acquired by the Rennisons until nearly 4 years after the discharge had been entered.  Accordingly, the judgment lien could not have attached to this property.

> [T[he §524(a) discharge and the discharge injunction are effective against the world to the full extent of their statutory terms, regardless of notice … It follows that judgments and acts in violation of the injunction are automatically void ab initio, hence self-executing, for the same reasons as the automatic stay.  Lack of notice of the discharge is not pertinent to whether a judgment or act in violation of the discharge injunction is void.  Nor is lack of notice a means of ratifying a void act to enforce a void judgment.  While lack of notice of the bankruptcy and of the discharge may serve as a defense to contempt sanctions, the legal consequences of acts in violation of the discharge injunction do not otherwise vary.

*Lone Star Sec. & Video, Inc. v. Gurrola (In re Gurrola)*, 328 B.R. 158, 175-76 (9ith Cir. BAP, 2005) (internal citations omitted).  Here, of course, Gran-Del had notice of the discharge – both at the time it was entered, and after it asserted a lien against the current property.

The Rennisons ask this Court to enter a declaratory judgment declaring Gran-Del's assertion of a judgment lien against their property a violation of the discharge previously entered in Rennisons' bankruptcy case and the discharge injunction provided by the Bankruptcy Code.  The Rennisons also request that this Court award additional fees and costs, including attorney fees and other costs, which they have incurred as a result of Gran-Del's violation of the discharge injunction, in an amount to be proven at any hearing on this matter.

## **CONCLUSION**

Gran-Del's continued efforts to collect its judgment against Rennison through an asserted judgment lien violates the discharge injunction. Consequently, the Rennisons respectfully request that this Court enter a declaratory judgement and award sanctions in favor of them, as outlined above.

**NOTICE OF INTENT TO PRESENT EVIDENCE THROUGH WITNESS TESTIMONY PURSUANT TO LOCAL BANKRUPTCY RULE 9014.1,**

The Rennisons hereby provide notice of their intent to present evidence through witness testimony pursuant to Local Bankruptcy Rule 9014.1 and further reserve all right to present additional documentation as evidence in support of this Motion for Sanctions, at the hearing on the Motion.

DATED this 21st day of May, 2021.

/s/  Matt Christensen
MATTHEW T. CHRISTENSEN
Attorney for the Debtor

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of May, 2021, I filed the foregoing MOTION FOR SANCTIONS electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Matthew T. Christensen            mtc@angstman.com
U.S. Trustee                      ustp.region18.bs.ecf@usdoj.gov

Any others as listed on the Court's ECF Notice.

I FURTHER CERTIFY that on this 21st day of May, 2021, I served a copy of the foregoing document on the following parties, via the method indicated.

Gran-Del Petroleum Products, Inc.
PO Box 5627
Boise, ID  83705
*Via US-Mail*

Gran-Del Petroleum Products, Inc.
c/o F. Matthew Stoppello, attorney
*Via email: matt@stoppellolaw.com*

                                        /s/  Matt Christensen
                                        Matthew T. Christensen